Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS with minor modifications the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matter of law the following which were entered into by the parties in a Pre-Trial Agreement, dated April 19, 1996 and at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. This claim is subject to the Workers' Compensation Act.
2. Plaintiff contends and defendant denies that on February 23, 1995, plaintiff sustained an injury by accident, to wit, an injury to his back.
3. On February 23, 1995, defendant-employer was self-insured and Key Risk Management was the servicing agent.
4. On February 23, 1995, plaintiff's average weekly wage was $306.60, yielding a compensation rate of $204.20.
5. The parties' stipulated into evidence, without need for further authentication or verification, a packet of medical records consisting of records from the following:
— Mountain Neurological Center, 19 pages;
— Memorial Mission Hospital, 66 pages;
— Junaluska Orthopedics, 2 pages;
— Asheville MRI, 3 pages;
— Haywood Rehabilitation Center, 6 pages.
6. The parties' stipulated into evidence, without need for further authentication or verification a packet of personnel records (Stipulated Exhibit 1) consisting of 16 pages including a Form 19 (Stipulated Exhibit 3) and plaintiff's recorded statement (Stipulated Exhibit 2).
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts the Findings of Fact of the deputy commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 42 year old male born February 3, 1954 who had graduated from high school. Plaintiff has also taken some extension courses in a technical school. Prior to becoming employed with defendant-employer, plaintiff was employed at Gerber Products as a box printer, at Statesville Plastics, at Atlas Precision Plastics and was self-employed for some period of time buying, repairing and selling used cars.
2. During his employment with Gerber Products, plaintiff suffered a compensable back injury in 1984. As a result of this injury plaintiff suffered a herniated lumbar disk at L4-L5 on the left and on December 11, 1984 underwent a lumbar laminotomy and diskectomy on the left at L4-L5 performed by Dr. Larry A. Schulhof. Thereafter plaintiff suffered a recurrent lumbar herniation at L4-L5 on the left and on December 13, 1985 underwent a microlumbar laminotomy with extensive neurolysis and nerve decompression and removal of recurrent free fragment plus diskectomy at L4-L5 on the left also performed by Dr. Schulhof. As a result of his injury with Gerber, plaintiff suffered a twenty per cent (20%) permanent partial impairment to his spine.
3. Plaintiff began working for defendant-employer on Monday, February 13, 1995. Thereafter plaintiff worked on Tuesday, February 14; Saturday, February 18; Sunday, February 19; Wednesday, February 22; and Thursday, February 23. On Friday, February 24, plaintiff reported to work, but was sent home as the plant was in shutdown and his services were not needed. On Monday, February 27 plaintiff worked approximately one half shift and then reported to his supervisor, Tim Burke, that he had injured his back on February 23, 1995. He was sent home after half of a day on February 27, 1995 due to a lack of work. On Tuesday, February 28, plaintiff reported to work at 8:00 a.m. and requested that he be sent to Memorial Mission Hospital emergency room because of his back injury on February 23, 1995.
4. Plaintiff was hired to work with defendant-employer as a palletizer. A palletizer machine arranges plastic soda bottles and then places them on wooden pallets for packaging. Plaintiff was required to observe the machine and make sure that the bottles were in the appropriate pattern and were standing upright. Most of the machines are considered automatic. Approximately two older machines are not automatic and require that a wooden top frame be placed over the group of plastic bottles manually by the machine operator so that a stack of bottles could be built on the pallet. Plaintiff's trainer Charlene Warren estimated the weight of these frames to be at or below five pounds. Plaintiff was trained by Ms. Warren on machine numbers "3", "4", "6", and "7". Only on machine "7" are top frames required to be manually placed in the machine. Machines "3", "4", and "6" automatically place the top frame on the bottles with the push of a button.
5. Plaintiff alleges that as he was working at approximately 10 or 10:30 a.m. on machine "4", he was placing a top frame in the machine over the bottles and he felt a pull in his back. Plaintiff further alleges that he reported his injury to his trainer Charlene Warren and that he then sat down for the remainder of the shift and that Ms. Warren ran the machine. Plaintiff testified that he had not been experiencing any back problems prior to this incident.
6. Charlene Warren, plaintiff's trainer who worked with plaintiff everyday except one, indicated that the first time she ever saw plaintiff he was walking slightly bent and slowly. The first Ms. Warren learned of plaintiff's alleged injury by accident involving the top frame was after plaintiff was no longer working with defendant-employer when he called her at home. Ms. Warren testified specifically that plaintiff did not tell her that he had suffered an injury by accident at work until that time.
7. On Monday, February 27, 1995, plaintiff made his first report of an alleged work-related injury to his back on February 23. At that time plaintiff indicated that he had hurt his back while leaning over and twisting patterning bottles on the palletizer machine. Plaintiff did not mention anything about hurting his back lifting or using a top frame.
8. On February 28, 1995, plaintiff went to the emergency room at Memorial Mission Hospital. At that time plaintiff indicated that he had twisted his back. There is no mention of using the top frame. At that time plaintiff was instructed to remain out of work until Friday. On February 28, plaintiff reported that he was experiencing low back pain and right leg numbness.
9. Plaintiff returned to the emergency room on March 3, 1995 with continued low back pain and right-side sciatica complaints. Plaintiff was given Loretab and Flexeril and kept out of work.
10. Also on March 3, 1995, plaintiff gave a recorded statement. In that statement he indicated in response to a question about how his injury occurred, "I really don't know, I think it was just twisted wrongly." When asked twice again, he indicated that he wasn't exactly sure what happened and that he was just leaning, straightening up the bottles and getting them into pattern.
11. On March 29, 1995, plaintiff presented to Dr. James H. Lipsey, an orthopedic surgeon, complaining of pain in his back and right lower extremities. At that time x-rays showed a slight narrowing of the invertebral disk at L4-L5. A subsequent MRI showed a protrusion of the disk at L4-L5 on the left side. This protrusion was opposite to the side in which plaintiff was experiencing symptoms and was in the area of plaintiff's previous back surgery approximately 10 years before.
12. On June 15, 1995, plaintiff presented to Dr. Larry Schulhof complaining of back pain with left leg pain and some right thigh pain, but mostly left leg pain. Dr. Schulhof took a history of plaintiff's complaints and that history includes plaintiff's first mention of the top frame incident being the cause of his back pain. Dr. Schulhof ordered another MRI with gadolinium enhancement which revealed a L4-L5 disk herniation on the left side, causing left radicular pain.
13. On August 14, 1995, plaintiff underwent a microlumbar laminotomy with discectomy neuroloysis and removal of free fragment at L4-L5 on the left performed by Dr. Larry Schulhof for treatment of plaintiff's recurrent lumbar disc at L4-L5.
14. On May 7, 1996, plaintiff underwent a functional capacity evaluation performed by Haywood Rehabilitation Center. Plaintiff was released to return to work on May 31, 1996, full time at medium duty with only occasional bending, squatting, crawling, and kneeling.
15. Plaintiff's herniated disk and other back problems which caused his need for surgery and his incapacity to work could have reasonably existed prior to plaintiff's employment with defendant-employer.
16. Plaintiff did not work for defendant-employer after February 27, 1995.
17. Plaintiff testified that at the time of the alleged incident with the top frame which caused his back problems, he was working on palletizer machine "4". However, palletizer machine number "4" is an automated machine and does not require the use of a top frame.
18. The Full Commission is unable to accept plaintiff's testimony as to his alleged work-related injury as credible based upon plaintiff's testimony and the resulting inconsistencies, plaintiff's demeanor as observed by the Deputy Commissioner and the other credible testimony of record.
19. Since plaintiff testimony is not accepted as credible, plaintiff has failed to prove by the greater weight of the evidence that any injury to plaintiff's back was a result of an injury by accident or specific traumatic incident of the work assigned arising out of or in the course of his employment with defendant-employer.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to establish by the greater weight of the evidence that he suffered an injury by accident or specific traumatic incident arising out of or in the course of his employment with defendant-employer or as a direct result of work assigned by defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER